UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DAMION BURNS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:07-CV-363 (JCH) |
|  | ) |  |
| DAVE DORMIRE, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**MEMORANDUM AND ORDER**

The matter is before the Court on Petitioner Damion Burn's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Doc. No. 1), filed February 21, 2007. The matter is fully briefed and ready for a decision.

**BACKGROUND**

On June 20, 2002, a jury in the Circuit Court of the City of St. Louis, Missouri found Petitioner guilty of Second Degree Murder and Armed Criminal Action. (Resp., Doc. No. 5 at Ex. A p. 59). On July 26, 2002, the trial court sentenced him to consecutive terms of imprisonment of life and three years. (Id. at pp. 60-61). Petitioner filed his appeal on July 31, 2002. (Id. at p. 63). The Missouri Court of Appeals denied it on October 14, 2003. (Id. at Ex. E). On February 2, 2004, Petitioner filed his Rule 29.15 Motion for post-conviction relief in the Circuit Court of the City of St. Louis, Missouri. (Id. at Ex. F p. 3). This motion was denied on February 15, 2005. (Id. at Ex. F p. 81). Petitioner appealed on March 29, 2005 (Id. at p. 84), and it was denied by the Missouri Court of Appeals on April 11, 2006. (Id. at Ex. K).

As previously stated, Petitioner filed his § 2254 Petition on February 21, 2007. In his § 2254 Petition, Petitioner raises three grounds for relief:

1. The trial court erred by sustaining the State's objection to Petitioner's testimony about the circumstances surrounding his prior arrests;

2. The trial court plainly erred by sustaining the State's objection to defense counsel asking Petitioner if knew that the victim might possess a weapon; and

3. He received ineffective assistance of counsel because his counsel improperly opened the door to evidence about his reputation for violence.

Respondent filed his Response on April 13, 2007. (Doc. No. 5). Petitioner filed his Traverse on July 6, 2007. (Doc. No. 9).

## **DISCUSSION**

A state prisoner may petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner is entitled "'to relief on federal habeas corpus only upon proving that [his] detention violates . . . fundamental liberties . . . safeguarded against state action by the Federal Constitution.'" Wessling v. Bennett, 410 F.2d 205, 209 (8th Cir. 1969), quoting Townsend v. Sain, 372 U.S. 293, 312 (1963). "'[I]t is not the province of a federal habeas court to re-examine state-court determinations [of] state-law questions.'" Gee v. Groose, 110 F.3d 1346, 1349 (8th Cir. 1997), quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Rather, a federal court is limited "'to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.'" Id.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. 104-132, 110 Stat. 1214, made numerous changes to Title 28, Chapter 153 of the United States Code, 28 U.S.C. §§ 2241-2255, the chapter governing federal habeas petitions. Specifically, in Section 104 of the AEDPA, Congress added new subsection (d) to 28 U.S.C. § 2254. That subsection provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d)(1), a petitioner may prevail if the state court's decision is opposite to that reached by the United States Supreme Court on a question of law or if a state court decides a case differently than the United States Supreme Court despite confronting indistinguishable facts. See Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000), citing Williams v. Taylor, 529 U.S. 362 (2000) (holding that the "contrary to" clause refers to the Supreme Court's holdings and not its dicta); see also Ramdass v. Angelone, 530 U.S. 156 (2000).

Under the "unreasonable application" clause of § 2254(d)(1), a writ may issue only if the state court identifies that correct governing legal principle from the United State Supreme Court's decisions but unreasonably applies the principle to the facts of the petitioner's case. See Williams, 529 U.S. at 412. Under this clause, a federal habeas court should ask "whether the state court's application of clearly established federal law [as determined by the United States Supreme Court] was objectively unreasonable." Id. at 1521. It is not enough for the federal habeas court to conclude in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable. Id. at 1522.

### Exhaustion

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. §2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner must survive this exhaustion analysis, or the petition must be dismissed. Rose v. Lundy, 455 U.S. 509 (1982).

The record demonstrates that Petitioner's claims are exhausted either because they have been properly raised in the state courts, or because Petitioner has no available non-futile state remedies by which he could present his claims.

**Procedural Default**

A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (citation omitted). An inmate defaults claims that were not properly raised before the state court. Moore-El v. Luebbers, 446 F.3d 890, 897-98 (8th Cir. 2006). If an inmate fails to properly raise a claim in the state court proceedings, the claim is defaulted, and he is procedurally barred from pursuing it here. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995). When a claim is

defaulted, the Court will only consider it where the petitioner can establish either cause for the default and actual prejudice or that the default. Here, none of Petitioner's claims are procedurally defaulted.

## Claims Addressed on the Merits

### A. Claim One

Petitioner alleges that the trial court erred by sustaining the State's objection to his testimony about the circumstances of his prior arrests. Petitioner believes that the exclusion of this testimony denied him a fundamentally fair trial. (Memo. in Supp. of Pet., Doc. No. 1 at p. 2).

The Missouri Court of Appeals considered this claim and held:

> Defendant's first point claims the trial court erred and abused its discretion when it sustained the State's objection to Defendant's testimony regarding the circumstances surrounding his prior arrests for murder, second degree assault, and third degree assault. Defendant claims this was relevant evidence and its exclusion was prejudicial because it was used to instruct the jury about Defendant's reputation for violence.
>
> Trial courts retain broad discretion over issues of relevancy and admissibility of evidence, and we will not interfere with those decisions unless there is a clear showing of abuse of discretion. State v. Uka, 25 S.W.3d 624, 627 (Mo. App. E.D. 2000). A trial court will be found to have abused its discretion when a ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. State v. Rutter, 93 S.W.3d 714, 729 (Mo. banc 2002). Additionally, we review for prejudice and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. State v. Richardson, 923 S.W.2d 301, 311 (Mo. banc 1996).
>
> Angelique Bealon (hereinafter, "Bealon"), Defendant's girlfriend at the time of the incident, testified on Defendant's behalf. After the trial court ruled Bealon's testimony opened the door for reputation evidence regarding Defendant's propensity for violence, the State question Bealon with regard to Defendant's three prior arrests for two assaults and murder. Bealon indicated that she was unaware of the arrests or the circumstances surrounding the arrests.
>
> Defendant testified in his own defense at trial, asserting a self-defense claim to the murder. On direct examination, defense counsel asked Defendant about his prior arrests. Defendant testified that none of the arrests resulted in charges being issued, and he never went to trial on any of the arrests. Defense counsel asked what happened to the charges, and Defendant launched into an explanation about the murder charge. Defendant's explanation was interrupted by the State objecting to the testimony based

on it being narrative and improper. The trial court sustained the State's objection. Defense counsel asked Defendant again whether any charges were issued, and he replied no.

Based on the record, we find the trial court did not abuse its discretion in limiting Defendant's testimony regarding the circumstances surrounding his prior arrests. Defendant was able to clarify that he had been arrested only and not charged with any crime. Moreover, Defendant stated he did not go to trial and reiterated he did not suffer any consequences from the arrests. We note the State's objection was to the narrative form of Defendant's answer, as well as being improper. Defense Counsel took no steps to rephrase the question or make an offer of proof with respect to the excluded testimony. *See* State v. Tisius, 92 S.W.3d 751, 767-68 (Mo. banc. 2002). Point denied.

(Resp. at Ex. E pp. 2-4).

On a review of a state court conviction, this Court does not examine whether evidence was properly admitted under state law. Oliver v. Wood, 96 F.3d 1106, 1108 (8th Cir. 1996) (citing Estelle, 502 U.S. at 68). State rulings about the admissibility of evidence "can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Bounds v. Delo, 151 F.3d 1116, 1119 (8th Cir. 1998) (citing Parker v. Bowersox, 94 F.3d 458, 460 (8th Cir. 1996)). To carry this burden, Petitioner must show that "there is a reasonable probability that the error complained of affected the outcome of the trial– i.e., absent the alleged impropriety the verdict probably would have been different." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995) (internal quotations omitted).

As previously stated, federal courts will only grant a § 2254 petition if the state court decision applied clearly established federal law erroneously, applied federal law unreasonably to the facts of the case, or was based on an unreasonable determination of the facts in light of the evidence. See 28 U.S.C. 2254(d)(1)-(2). After reviewing the record, the Court finds that the Missouri Court of Appeals decision was neither contrary to, nor an unreasonable application of, clearly established federal law.

The specific circumstances surrounding his prior murder arrest, which did not result in charges, would have added little to the evidence already introduced at trial. The jury knew that Petitioner was never charged with the prior murder, they knew all the circumstances surrounding the stabbing, and knew about the victim's reputation for violence. See Glaze v. Redman, 986 F.2d 1192, 1195-96 (8th Cir. 1993) (holding that additional evidence would not have resulted in a different verdict due to the overwhelming evidence of guilty and the fact that all evidence about another suspect was not completely excluded); Carter v. Armontrout, 929 F.2d 1294 (8th Cir. 1991) (holding no due process error where evidence would not have changed result). As such, Petitioner has failed to show that there is a reasonable probability that this evidence would have resulted in the verdict probably being different. Accordingly, Claim One is denied.

### B. Claim Two

In Claim Two, Petitioner alleges that the trial court erred by sustaining the State's objection to his counsel's questions regarding his knowledge about the victim possessing a weapon. (Memo. in Supp. of Pet. at p. 5). Petitioner alleges that this error prevented him from presenting a complete defense, in violation of Chambers v. Mississippi, 410 U.S. 284 (1973).

Petitioner testified that the victim had threatened him on prior occasions, but that he "never took them seriously, because he always threatened me. He never followed through with it." (Resp. at Ex. B p. 653). He testified that he did not personally know if the victim had a weapon. (Id. at p. 652). He stated that the victim's "brother's baby's momma" told him that the victim "might" have a weapon. (Id.). The State objected to this remark as hearsay, and the trial court sustained the objection. (Id.). Petitioner also called two other witnesses to testify at trial. One testified that the victim was the aggressor. (Id. at pp. 503-06). The other testified seeing the victim and his friend hitting Petitioner while he was lying on his back. (Id. at p. 576).

Petitioner failed to raise this claim in his motion for a new trial. (Resp. at Ex. A pp. 43-50). In Missouri, to preserve an evidentiary issue for appellate review, defendant must make an objection at trial, must assert the objection as an error in a motion for new trial, and must raise it in its appellate brief. State v. Golden, 221 S.W.3d 444, 446 (Mo. Ct. App. 2007). The failure to follow these steps results in a procedural bar; however, Missouri courts can review a non-preserved claim for plain error. Id.[1] When a state court reviews a claim for plain error, such as here (Resp. at Ex. E p. 3), the Court is not precluded from considering the argument in a federal habeas proceeding. Thomas v. Bowersox, 208 F.3d 699, 701 (8th Cir. 2000). Rather, the Court addresses the merits of the claim to determine whether "any manifest injustice resulted" from the trial court's decision. Kilmartin v. Dormire, 161 F.3d 1125, 1127 (8th Cir. 1998).

The Supreme Court has stated that although states have "broad latitude under the Constitution" to create rules excluding certain types of evidence, this latitude is limited by a defendant's right to "a meaningful opportunity to present a complete defense." Holmes v. South Carolina, 547 U.S. 319, 324 (2006) (quoting United States v. Scheffer, 523 U.S. 303, 308 (1998) and Crane v. Kentucky, 476 U.S. 683, 690 (1986)). This right is abridged when evidentiary rules "infringe upon a weighty interest of the accused" and are "arbitrary or disproportionate to the purposes they are designed to serve." Holmes, 547 U.S. at 325. Additionally, on a review of a state court conviction, this Court does not examine whether evidence was properly admitted under state law. Oliver v. Wood, 96 F.3d 1106, 1108 (8th Cir. 1996). Rather, state rulings about the admissibility of evidence "can form the basis for federal habeas relief under the due process clause only when they

---

[1]Had the Missouri Court of Appeals declined to review this claim under the plain error standard, it would have been procedurally defaulted. Moore-El, 446 F.3d at 897-98.

were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Bounds, 151 F.3d at 1119.

Upon consideration, the exclusion of the evidence about what he heard from the victim's "brother's baby's momma" did not result in a miscarriage of justice. Rather, this comment was marginally relevant evidence due to its tenuous source and its inconsistency with Petitioner's knowledge that the victim "never followed through" on his threats. Bell-Bey v. Roper, 499 F.3d 752, 759 (8th Cir. 2007) (holding the exclusion of marginally relevant evidence is not a constitutional violation); Harrison v. Dahm, 880 F.2d 999, 1001-02 (8th Cir. 1989) (holding exclusion of testimony about defendant's fear of victim did not warrant habeas relief where evidence was cumulative and marginally relevant). Additionally, the exclusion of this evidence did not prevent Petitioner from having a meaningful opportunity to present his self-defense theory. The jury heard that the victim had threatened him. The jury heard from Petitioner and two other witnesses that the victim was the aggressor. As such, Claim Two is denied.

### C. Claim Three

In this claim, Petitioner alleges he received ineffective assistance of trial counsel when his counsel opened the door to evidence about his reputation for violence by asking his girlfriend Angelique Bealon about the victim's reputation for violence. (Memo. in Supp. of Pet. at p. 10). The Missouri Court of Appeals addressed this claim and held:

> At the evidentiary hearing, Movant's trial counsel testified that he had realized that when he asked Bealon questions about the victim's reputation for violence, it would open the door to similar evidence about Movant. Trial counsel testified as follows:
>
>> What actually happened is [the prosecutor] objected to it at the time, essentially approached the Court with me and came up and said, "I think he's opening the door." Judge Dierker looked at me, went through the book that is currently sitting on his desk right now and said– quoted out State v. Waller, I had read Waller before, and said, "Mr. Wold do you really want to go down this path? You understand

> this is going to bring this information to play," and I understood it and let it in any way.
>
> I needed– from the way I was looking at it in essence what it came down to is this. [Movant] had a knife on him. Now admittedly he was at his own house, but he had a knife on him and the other guy didn't. The two other people that were involved, John Howard I think is his name and then Ronnie [sic] White, both came in without a knife and they were beating him with their hands. [Movant] pulled a knife out and attacked him, and I had to give an explanation to the jury as to why he had weapons on him when he showed up at the door.

Trial counsel stated he was aware that Movant had prior arrests. Trial counsel testified he felt it was in his client's best interest to somehow explain why he had a knife on him and thus decided to inject the victim's reputation.

The motion court found as follows with respect to this claim:

> Trial counsel took a calculated risk in injecting the issue of the deceased's reputation. He knew the risk and decided that the defense would benefit from such testimony, as it would explain why [Movant] chose to carry a knife when he confronted the deceased. . . .
>
> Trial counsel made an educated, professional decision to inject reputation evidence into the case, because he deemed it to be beneficial to the defense, despite the risk that [Movant's] arrest history would then become known. This was a considered trial strategy judgment, and the Court is not authorized to substitute its judgment for that of trial counsel . . . . This judgment was well within the wide range of reasonable professional assistance.

The motion court found trial counsel's testimony at the evidentiary hearing "entirely credible."

Movant asserts that trial counsel's choice to introduce evidence of the victim's reputation for violence to support Movant's self-defense claim was not reasonable. Movant contends it was unnecessary to explain the presence of the knife on Movant when there was evidence Movant had the knife to prepare a marijuana blunt the night before. We are not persuaded by Movant's argument.

To prove self-defense, trial counsel had to prove that Movant was justified in using deadly force against the victim. See State v. Dulaney, 989 F.2d 648, 651 (Mo. App. W.D. 1999)(holding that in order to be entitled to self-defense, defendant must not use more force than what appears reasonably necessary and mere battery would not justify the use of a weapon against an unarmed assailant). Therefore, it was entirely reasonable for trial counsel to believe he needed to explain to the jury why Movant

brought a knife to the door and, more importantly, why Movant decided to pull a knife out in the middle of a fist fight where the alleged assailant did not have a weapon. Movant argues that an alternative explanation for the presence of the knife was presented at trial through the testimony of Bealon and Movant. However, evidence that Movant had the knife on his person because he used it the night before to prepare marijuana blunts would not necessarily explain why Movant felt it necessary to pull the knife and inject deadly force into a fist fight. Furthermore, evidence of the victim's reputation for violence was relevant both to establish the reasonableness of Movant's fear of the victim and to prove that the victim was the intital aggressor. See State v. Gonzales, 153 S.W.3d 311, 312 (Mo. banc 2005) (holding that a victim's reputation for violence, turbulence, and aggression may be admissible when a defendant has asserted self-defense).

The fact that trial counsel's strategic decision in this case may not have worked does not render the strategy unreasonable or counsel ineffective. Strickland, 466 U.S. at 689-90. Trial counsel's decision was reasonable given the facts of the particular case. In addition, even if trial counsel had not opened the door via Bealon's testimony, Movant's own testimony opened the door. Vicory v. State, 81 S.W.3d 725, 728 (Mo. App. S.D. 2002)(holding that when a defendant elects to testify in his own defense, he may be cross-examined in detail as to any matter generally referred to in his direct examination). Movant testified that the victim had made various threats to him including threatening to "kick [his] ass," to kill him, and to "blow [his] head off." Movant also testified that the victim would hit Bealon when Movant was not around. This testimony, which is not the subject of any claim of ineffective assistance of counsel, would have opened the door to Movant's violent character as well. Id. at 729(finding that where defendant, during direct examination, places victim's reputation for violence before the jury, he also places his own). While Movant testified at the evidentairy hearing that he would not have testified had he known his arrest history would come up, Movant has not raised any claim that trial counsel was ineffective for recommending that he testify or that trial counsel was ineffective for opening the door via Movant's testimony.

The motion court did not clearly err in denying Movant's motion because trial counsel was not ineffective for having Bealon testify about the victim's reputation for violence. Trial counsel made a reasonable strategic decision to inject this evidence to support Movant's self-defense claim. Moreover, Movant himself testified as to the victim's reputation, and thus the door would have been opened via his testimony. Point denied.

(Resp. at Ex. K pp. 6-9).

In order to demonstrate ineffective assistance of counsel, Petitioner must show (1) his counsel's performance was deficient, in that his representation fell below an objective standard of reasonableness; and (2) that such deficient performance prejudiced Petitioner, in that there is a

-11-

reasonable probability that but for counsel's errors the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds that the Missouri Court of Appeals decision was neither contrary to, nor an unreasonable application of, the clearly established federal law. Strategic trial decisions made by counsel after a "diligent investigation" are "virtually unchallengeable." Johns v. Bowersox, 203 F.3d 538, 546 (8th Cir. 2000). Here, counsel's decision to introduce evidence about the victim's reputation for violence was a sound trial decision because he had to show why Petitioner would bring a knife to a fistfight. See Girtman v. Lockhart, 942 F.2d 468, 472 (8th Cir. 1991) (holding that counsel was not ineffective for introducing evidence of victim's reputation for violence when pursuing a self-defense theory). Although Petitioner believes that this demonstration could have been made with his testimony about needing the knife to prepare marijuana blunts, this evidence would merely show why he had the knife, not why he used it. As such, counsel needed to establish a reason why Petitioner resorted to using deadly-force. In such a circumstance, introducing evidence of the victim's character was a sound trial decision. This claim is denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

Dated this 30th day of May, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE